[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife married the defendant husband in Bethel, Connecticut on February 19, 1966. The parties have both resided continuously in Connecticut for at least one year prior to the commencement of these dissolution proceedings.
During the course of the marriage, two children were born to the wife, both issue. The children have since reached their majority.
Both of the parties are in apparent good physical health. The wife, however, testified that she has experienced emotional problems in the form of depression and anxiety. She has been treated by a psychiatrist, Dr. Arcuni, on a weekly basis, from November, 1990 to May, 1991.
The wife, who presently lives in Massachusetts, received a B.S. degree in 1964, an M.S. degree in advanced studies in 1974, and her sixth year certificate in school psychiatry in 1991.
She has had a varied work history during the marriage, having worked as an art teacher, special education assistant, part-time and full-time employee of Grosso Oil Company and in various department stores. CT Page 8912
The separation of the parties occurred in March, 1991. The wife testified that problems existed throughout the marriage. Generally, she spoke of differences in child rearing, temper tantrums, excessive drinking, social relationships and lack of communication. More specifically, she charges that her husband refused to discuss with her the many problems which existed, he was constantly critical of her art work and had no respect for her taste. Further, he belittled her ethnic background and did not want anyone to know that she was not Italian. She also recited in detail a certain "condom" incident which she said affected the marriage to such an extent that it was never again the same. There is, however, no evidence for this court to conclude, from any of the testimony, that the husband was ever unfaithful to his wife. Her allegations as to his drinking are equally unpersuasive.
Prior to the last separation, there was a brief one day separation in 1968, and another one of five days in 1973.
Since the last separation, the wife has met someone else, and this relationship has continued to date.
The husband is a high school graduate and, as indicated previously, is in good physical shape. There is no question that these proceedings have had a profound psychological effect upon him. He obviously still loves his wife and does not want his marriage to end. He found it very difficult during the course of the trial to say anything disparaging about his wife. He testified that he always kissed her, constantly told her he loved her, and brought her flowers. His pay check was always given to her and she paid the bills.
He told the court that he never realized that his wife was dissatisfied until November, 1990 when she told him she was depressed and refused to have any further intimate contact with him. A few months later she moved out and then removed herself to Massachusetts.
On the basis of the testimony, the court finds that the cause of the breakdown lies more with the wife than the husband. Perhaps with a little effort by his wife the marriage could have been saved. He was willing to do anything to save his marriage, she, in turn, did little in CT Page 8913 that direction.
The court further finds the following valuations:
 A. 115 Hoyts Hill Road, Bethel, Connecticut $275,000.00
 B. 54 Chestnut Street, Bethel, Connecticut 158,000.00
C. 14 Oakland Heights 140,000.00
D. 16 Oakland Heights 250,000.00
E. 07 A Oakland Heights 5,000.00
The court further finds the evidence of Barry Cohen more persuasive and attributed a value of approximately $175,000.00 to the Grosso Oil Company.
The court has further taken into consideration all of the testimony including but not limited to the various funds taken by the wife to pay her legal fees and when she left the marital premises. The court also concludes that the husband has misstated his true income and that the recent reduction in his pay was not entirely justified. As recently as March, 1992, his income gross per week was over $1,400.00.
Further, the court has taken into account as to how most of the real estate and other assets were acquired.
It further finds that the wife has not exerted any effort to find employment in spite of the fact that she is fully capable of working and that she has traveled rather extensively during the past year.
All of these factors and others, which need not be recited, together with the statutory mandates in Connecticut General Statutes, Secs. 46b-81 and 46b-82, compel the court to order as follows:
1. A decree of dissolution may enter.
2. The husband shall pay to the wife the sum of $300.00 as periodic alimony until the happening of the first CT Page 8914 following events:
a) death of either party;
b) remarriage by the wife;
c) cohabitation by the wife;
d) September 1, 1995.
In no event shall alimony be modifiable as to term.
3. The husband shall transfer to the wife, by quitclaim deed, the marital premises. She shall be responsible for the payment of all mortgages and expenses and shall hold the husband harmless.
4. The defendant shall vacate the marital premises within thirty days.
5. The wife shall transfer to the husband all of her right, title and interest in Grosso Oil Co. to her husband. He shall be responsible for all the debts of the company and hold the wife harmless.
6. The personal property of the parties shall be distributed in accordance with the schedule attached to the memorandum.
7. The defendant shall transfer his interest in the municipal bonds to the plaintiff, and the plaintiff shall transfer her interest in Northeast Utility stock to the defendant.
8. The defendant shall retain his interest in his I.R.A.
9. The husband shall maintain the wife's present medical coverage, or equal, for a period of two years.
10. The husband shall pay to the wife, as a further property distribution, the sum of $50,000.00, which sum shall be paid as follows:
a) ten thousand ($10,000.00) dollars within CT Page 8915 sixty (60) days;
 b) ten thousand (($10,000.00) dollars on or before September 1, 1993;
 c) ten thousand (($10,000.00) dollars on or before September 1, 1994;
d) the balance on or before September 1, 1995.
11. Each of the parties shall be responsible for his or her own costs and attorney's fees.
MIHALAKOS, J.
SCHEDULE A
AGREED UPON SCHEDULE OF PERSONAL PROPERTY
WIFE HUSBAND
Bedroom Sewing Cabinet Night Stand and Lamp Desk and chair Dresser Lamp Dresser Bed Rug
Livingroom Table Lamp Sleep Sofa Sofa Table-Glass/Brass Urns 2 French Chairs Love Seat Clock 2 Fruitwood Chairs Taiwanese Cabinet Rug — fireplace Fireplace Broom Coffee table/Back of Love Seat w/painting Egg, Prism, Shell Cameo Coffee Table Box Mirrored End Table Bird Crystal Highboy Apple Duck and Other Animal Crystal Frame only over fireplace Plates Some Books Brass Ducks Small Rug under Stereo Goose Decoy Brass Candlesticks Mirror Ceramic Vase Crystal Vases Silver Candlesticks CT Page 8916 Stereo Deer Shell Picture only over Fireplace
Outdoor Bench Porch Furniture (Table, Furniture Table and Umbrella and 4 Chairs, Love Seat, 4 Chairs 2 End Tables) Chaise Metal Set (Tables, 2 Chairs, Love Seat)
Family Room Wicker Table Sofa, Love Seat Some Books Sleep Sofa Plant Stand Leather Chair Fish Wall Sculpture Desk Chair Jugs 2 Benches Whaler Bookends 2 Book Cases Coffee Table End Table Wood Stove
Upstairs Hall Lamp Oak Cabinet
Outside Moped Riding Lawn Mower Snow Blower Canoe Small Lawn Mower Power Tools Roto-tiller
Basement Sander Hand Tools Staple Gun Power Tools Washboard Cabinets and Shelving Stained Glass Washer/Dryer Step Ladder
Kitchen Square Skillet Small Appliances Wok Microwave Flat Blue Vase
Misc. Pine Cone Wreath Hunting Pictures Dried Flower Wreath Banana Plant Some Plants Bird of Paradise White Outdoor Planter Lemon Tree Wine Glasses Picture w/Old Hands CT Page 8917